OA 91   Criminal Complaint

# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

2013 JUN 19 P 3:49

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA
V.
ANGELO CIBRIAN

**CRIMINAL COMPLAINT**

Case Number: 13 70691 LB

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about February 27, 2013 (Date) in San Francisco County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)

after having been convicted of a crime punishable by a term of imprisonment exceeding one year, unlawfully and knowingly possess a firearm in and affecting interstate and foreign commerce,

in violation of Title  18  United States Code, Section(s) 922(g)(1).

I further state that I am a(n)  Special Agent, ATF  and that this complaint is based on the following facts:

See Attached Affidavit of Justin T. Quinn

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Approved As To Form: _W.S. Wilson Leung/Natalie Lee_
AUSA

_Justin T. Quinn_
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

June 19 2013
Date

at San Francisco, California
City and State

HON. LAUREL BEELER   U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

Signature of Judicial Officer

## ATTACHMENT B: AFFIDAVIT OF JUSTIN QUINN

I, JUSTIN QUINN, being duly sworn, state as follows:

**I. Introduction and Qualifications of Affiant**

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed since roughly April 2007. During this time, I have investigated, among other things, violations of the federal firearms and narcotics laws, as well as crimes of violence and gang-related crimes. I have participated in the investigation and arrests of numerous suspects in both federal and state cases. I have received training in, among other things, criminal procedure, search and seizure, firearms and narcotics investigations, and the identification and investigation of gangs. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I respectfully submit this Affidavit in support of a Criminal Complaint charging ANGELO CIBRIAN with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for the arrest of CIBRIAN, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support the lawful arrest of the individual listed in this Affidavit.

4. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part only. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part only.

**II. Probable Cause for Arrest**

5. I learned from reviewing law enforcement records for ANGELO CIBRIAN that his criminal history includes the following convictions: (1) on or about February 1, 2010, CIBRIAN was convicted of possessing/purchasing cocaine base for sale, in violation of California Penal Code, Section 11351, which resulted in a 2-year term of imprisonment; (2) on or about April 17, 2008, CIBRIAN was convicted of possessing/purchasing cocaine base for sale, in violation of California Penal Code Section 11351.5, which resulted in a 3-year term of probation and 19 days' jail; (3) on or about June 19, 2006, CIBRIAN was convicted of evasion of a peace officer, in violation of California Vehicle Code Section 2800.2(a), which resulted in an initial sentence of 36 months' probation and 180 day's jail; on or about November 10, 2008, however, CIBRIAN's probation was revoked and he was sentenced to a 2-year term of imprisonment; (4) on or about

November 14, 2002, CIBRIAN was convicted of possessing/purchasing cocaine base for sale, in violation of California Penal Code Section 11351.5, which resulted in a 3-year term of probation and 96 days' jail. Based on my experience, training, and investigation, which includes conferring with a federal prosecutor, I know that each crime of the foregoing offenses of which CIBRIAN was convicted was punishable by a term of imprisonment exceeding one year.

6. I learned the following from reviewing law enforcement reports, including reports of the San Francisco Police Department ("SFPD"), as well as speaking with an SFPD officer who participated in the arrest described below:

   a. On or about February 27, 2013, the SFPD received a call for service from a complainant who reported that her daughter had earlier got into a confrontation with ANGELO CIBRIAN at 61 Cameron Way in San Francisco and that CIBRIAN had a gun inside the house. SFPD officers responded to the call, aware that CIBRIAN was also the subject of a no-bail parole warrant.

   b. After arriving at 61 Cameron Way, officers knocked on the door and CIBRIAN answered. The officers instructed CIBRIAN to step outside and he complied. Thereafter, CIBRIAN was arrested based on the parole warrant. During a pat-down of CIBRIAN, officers found in his pants, among other things, keys, plastic baggies containing what appeared to be methamphetamine, and a glass pipe commonly used to smoke drugs. The suspected methamphetamine subsequently field-tested positive as methamphetamine.

   c. Officers then conducted a computer check of DMV records, which indicated that CIBRIAN's mailing address was 61 Cameron Way. Accordingly, because CIBRIAN was on state parole, which the officers understood rendered his residence subject to search, the officers conducted a search of 61 Cameron Way. Among other things, officers recovered the following: (1) a revolver; (2) one box of ammunition and several loose rounds; and (3) an apparent homemade silencer.

7. I learned the following from reviewing law enforcement reports, a report prepared by a private technical laboratory, and from conversations with other law enforcement officers:

   a. The firearm recovered from 61 Cameron Way was a Taurus Model 85 .38-caliber revolver, serial number VJ48905, which had been manufactured outside of California.

   b. A DNA sample taken from the revolver was compared with a DNA sample taken from CIBRIAN. According to the subsequent laboratory analysis, "[i]n the absence of an identical twin, the major profile is identified as originating from Angelo Cibrian."

### III. Conclusion

8. For the foregoing reasons, I respectfully submit that there is probable cause to believe that ANGELO CIBRIAN has violated Title 18, United States Code, Section 922(g)(1), and request that a warrant for his arrest for this crime be issued.

*Justin Quinn*
JUSTIN T. QUINN
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and subscribed before
me this 19th day of June, 2013.

_____
HON. LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE